BREAUX, C. J.
Relators complain of the judgment rendered against them in this case by the district court, rejecting their demand, on the 10th day of May, 1913, and affirmed by the Circuit Court of Appeals on the 25th day of June, 1913. They ask for a reversal, and their application is before us on a writ of certiorari.
The grounds are: That Mrs. F. P. Dance and J. C. Brice each own an undivided one-tenth of the S. % of the N. W. *4 and S. % of N. E. % of N. W. % of section 10, township 18 N., range 6 W., inherited from their late mother, Mrs. F. C. Brice, and that Willie Bell, Lewis Boyd, Paul and Henry Brice own together in indivisión a one-tenth interest of the property, inherited hy them from their late grandmother, Mrs. Frances Brice.
Mrs. F. P. Dance and J. C. Brice are the offsprings of C. C. Brice and Frances C. Brice, who were married in 1856.
Applicants aver that the property was acquired during the existence of the community between C. C. Brice and .his wife, Frances C. Brice; that they went into possession when C. C. Brice contracted a second marriage in 1871.
The title beyond all question was in plaintiff at one time, and the issue is now whether the heirs above named ever parted with the property.
We will, in the first place, take up the case in so far as Mrs. Dance alleges an interest as plaintiff. She alleged in her petition in her suit against defendant here that O. O. Brice sold the property to A. Brice on the 17th day of March, 1906, and A. Brice to P. M. Atkins and D. M. Atkins in 1907. In 1908, the defendant Craighead bought from the Atkinses.
The testimony as relates to Mrs. Dance is verbal and not satisfactory even if admissible or had been admitted without objection. The same is true as relates to C. C. Brice, her father. He is an aged man, who owned that his memory is failing. When questioned, he said that he had taken no receipt from Mrs. Dance. To quote from his testimony:
“Q. Did you take a writing from Mrs. Dance?
“A. I don’t remember whether I did or not.
“Q. Do you know at this time whether you took any writing from Mrs. Dance?
“A. I cannot say positively; I might have and I might have not; I can’t recollect.”
The testimony of Mrs. Dance about receiving $100 in satisfaction of all claims against her mother’s estate is, if anything, negative; it amounts to nothing. It does not make proof against her any more than the father’s testimony; throws no light upon her title which defendant alleges she parted with.
At this point, our attention was arrested by the following statement of relator in his assignment of error:
“The land in question is not the land sold by the parties above named.”
The land sold by C. O. Brice to Franklin P. Dance consists of the W. % of the S. W. % and the S. E. % of S. W. )4 of section 3, *9 township 18, range 6, containing 120 acres.
This deed is signed by O. C. Brice, J. W. Brice, Lucy H. Brewer, and Jodie Morelan. It was not signed by Mrs. Dance.
It is an entirely different tract as relates to description from the tract which plaintiffs claim.
Referring back to the deed under which O. C. Brice acquired during the community on the 11th of April, 1859 — the land bought by him at the time is described as the N. W. ]4 and the S. W. 14 of the N. E. % of section 10, township 18 S., range 6 W., containing 201 Vio acres.
The deeds of record do not give a correct account of the title, but in the brief of respondent it is stated that the community of C. C. Brice and Mrs. Frances O. Brice owned land in section 3 and in section 10. In the deed of O. C. Brice to Dance, the land was in section 3. The contention is that Mrs. Dance has consented to this purchase and to the ownership by her husband, and she is now bound by that deed.
[1, 2] It would be difficult to conclude that she is bound by a deed to land entirely different from that which she claims. It is impossible to eke out a title to real estate by any such method. The testimony offered was verbal and over the objection of counsel for Mrs. Dance. It was not competent for her to show by parol evidence that $100 was for interest in land.
But, even if that testimony were considered legal, it does not relate to property in-section 10 claimed by her. We must therefore conclude that she was entitled to a fractional interest in the land described as in section 10.
As to the other plaintiffs: One of them, J. O. Brice, said as a witness that he had received $100 for his interest in his mother’s succession. This is corroborated by the testimony of the father, O. O. Brice, who says that he held a receipt for the amount in satisfaction of all interest in the succession. That carries with it title to the realty.
The same is true also of J. W. Brice.
It is therefore ordered, adjudged, and decreed that the judgments appealed from are amended by recognizing Mrs. F. P. Dance as the owner of the undivided tenth of the S. % of the N. W. %, and the S. % of the N. E. 14 of N. W. % of section 10, township 18 N., range 6 W., situated in Bienville parish. And to this extent the writ of certiorari is made perpetual at costs of defendant in the suit. It is further ordered, adjudged, and decreed that the judgment is affirmed in so far as J. C. Brice and the heirs of J. W. Brice are concerned. And it is ordered, adjudged, and decreed that as to these last two the writ of certiorari is recalled and discharged at their costs. It is further ordered, adjudged, and decreed that this judgment be remanded to the district court for execution; that as between the defendants and Mrs. Dance the defendants pay the costs of the district court and of the Oourt of Appeals.